IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CATHY MARIE OLSON,

                         Plaintiff,

        v.                                                    OPINION and ORDER

ANDREW M. SAUL,                                               20-cv-672-jdp
Commissioner of the Social Security Administration,

                         Defendant.

---

Plaintiff Cathy Marie Olson seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Olson not disabled within the meaning of the Social Security Act. Olson contends that administrative law judge (ALJ) Kathleen Kadlec erred by failing to adequately support her conclusion that Olson could perform light work and her decision not to credit the opinions of Olson's treating physicians.

For the reasons discussed below, the court isn't persuaded that a remand is required. The court will affirm the ALJ's decision and cancel the hearing scheduled for May 19, 2021.

ANALYSIS

Olson sought benefits based on physical impairments, alleging disability beginning in July 2017, when she was 62 years old. R. 1, 16.[1] In a September 2019 decision, the ALJ found that Olson suffered from one severe impairment, degenerative disc disease of the lumbar spine with right greater trochanteric pain syndrome. *Id*. After finding that Olson's impairment wasn't severe enough to meet or medically equal the criteria for a listed disability, the ALJ ascribed to

---

[1] Record cites are to the administrative transcript located at Dkt. 11.

Olson the residual functional capacity (RFC) to perform light work with additional physical and environmental restrictions. R. 17. Based on the testimony of a vocational expert, the ALJ found that Olson was not disabled because she could work full time as an office nurse. R. 22. The Appeals Council declined review. R. 2–4. Olson now appeals to this court.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, meaning that the court looks to the administrative record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## A.  Light work restriction

Both state agency medical consultants found that Olson could perform medium work. Although the ALJ found the consultants' opinions to be "somewhat persuasive," she said that additional medical evidence submitted after the consultants offered their opinions "justifies a conclusion that the claimant's impairments are more limiting than was concluded by the state examiners." R. 20. The ALJ didn't point to specific evidence, but Olson says that the new evidence included a diagnosis for lumbar spondylosis and greater trochanteric pain syndrome and an MRI that showed "Grade 1 anterolisthesis of L4 on the L5 with associated facet arthropathy and mild edema/stress reaction in the pedicles." R. 503. Olson contends that the ALJ "played doctor" by finding that the new evidence justified a restriction to light work rather than sedentary work and that the ALJ should have elicited another medical expert to evaluate the new evidence.

The ALJ isn't required to adopt a particular opinion to support the RFC. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). The ALJ *does* have to provide reasoning for her conclusions and consider all the evidence without interpreting medical records that are beyond the abilities of a lay person to understand. *See Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *Callaway v. Saul*, No. 19-cv-818-jdp, 2020 WL 2214385, at *2 (W.D. Wis. May 7, 2020). But the ALJ complied with those requirements.

The ALJ provided several reasons why the evidence—including the new evidence cited by Olson—didn't support greater restrictions:

- Olson experienced significant, long-term relief from steroid injections;

- clinical imaging revealed only "mild" degenerative changes;

- Olson was using pain relievers sparingly, approximately once a month;

- in July 2018, Olson told her treating physician that she wanted to see him on an "as needed" basis, and she saw him only once after that;

- Olson never sought specialty care;

- clinical examinations consistently resulted in "minimal" findings;

- diagnostic test results and physical examination findings were "largely unremarkable."

R. 18–20.

Olson doesn't challenge any of the reasons provided by the ALJ. And she doesn't explain why any of the reasons required the assistance of an expert. Rather, the ALJ relied on Olson's own conduct and statements, along with the types of test results that ALJ's routinely consider and don't require expertise to understand.

Olson's position is that the new diagnoses and the MRI undermine the ALJ's findings, but Olson doesn't explain how. A diagnosis in itself is not a disability. *See Carradine v. Barnhart*,

360 F.3d 751, 754 (7th Cir. 2004); *Salvino v. Saul*, No. 19-cv-422-jdp, 2020 WL 467902, at *2–3 (W.D. Wis. Jan. 29, 2020). The question is what limitations a condition actually causes. *Id*. Olson doesn't point to any evidence that the new diagnoses indicated a worsening of Olson's condition or that they otherwise contradict the evidence cited by the ALJ.

As for the MRI, the ALJ mentioned it in the context of discussing the treatment Olson received from one of her doctors. The ALJ simply noted the result without further comment. R. 19. The court of appeals has sometimes criticized an ALJ for attempting to interpret the significance of an MRI on her own. *See, e.g.*, *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). *But see Olsen v. Colvin*, 551 F. App'x 868, 874–75 (7th Cir. 2014) (rejecting contention that ALJ "played doctor" by stating that MRIs showed "mild abnormalities"). But that's not what happened in this case. Instead, as in *Bolin v. Saul*, No. 20-cv-348-jdp, 2021 WL 567899, at *2 (W.D. Wis. Feb. 16, 2021), the ALJ concluded that other evidence showed that the claimant's impairment wasn't disabling, without relying specifically on the MRI. And, just as in *Bolin*, Olson doesn't explain how the MRI could undermine the ALJ's reasoning. So the court isn't persuaded that additional expert evidence was required.

Olson raises two other related points. First, she says that the ALJ's reasons for finding that she could perform light work were based on "cherry-picked" medical findings. Dkt. 15, at 15. Olson is correct that the ALJ may not ignore evidence that undermines her conclusions, *see Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013), but Olson doesn't point to any such evidence. She summarizes a few medical records in her brief, *see* Dkt. 15, at 15–16, but she doesn't explain how the records she cites support her disability claim. For example, she cites records showing that she did not initially benefit from steroid injections, that she *did* have improvement from physical therapy, that she had concerns about her father's health, and that

4

a recent flare up of pain lasted only 24 hours and was resolved by taking naproxen. The court doesn't discern any inconsistency between these records and the ALJ's findings.

Second, the ALJ says that she is entitled to a remand because the ALJ didn't explain specifically what evidence justified a light-work rather than medium-work restriction. This is a fair point. The ALJ's only explanation for rejecting a medium-work restriction was a reference to unspecified "additional medical evidence." R. 20. But any error was harmless. The important question is whether Olson has "identif[ied] medical evidence that would justify further restrictions." *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). Olson hasn't done that. If the ALJ found that Olson was more restricted than what the evidence supports, that would further undermine her disability claim, not support it. So even if the ALJ failed to adequately support her more restrictive RFC, that error wouldn't entitle Olson to a remand.

## B.  Treating physicians

Olson submitted two, one-page forms filled out by treating physicians Michael Wempe and Kelly Nest. R. 499–500. Among other things, both Wempe and Nest checked boxes on the form indicating that Olson could lift no more 10 pounds and would need unscheduled breaks.  The ALJ found those opinions unpersuasive because: (1) they weren't supported or explained; and (2) they were inconsistent with the medical evidence discussed in the previous section. R. 21.

Olson raises two objections to the ALJ's consideration of the treating physician's opinions: (1) the ALJ should have evaluated the opinions under "the treating physician rule"; and (2) regardless of the appropriate standard, the ALJ failed to adequately explain the basis for her decision not to credit Wempe's and Nest's opinions.

As for the first contention, the treating physician rule was codified in 20 C.F.R. § 404.1527(c)(2), and it required the ALJ to give controlling weight to the opinion of a treating physician if it was consistent with other substantial evidence. If the ALJ didn't give controlling weight to the treating physician's opinion, she was required to consider several factors when determining how much weight to give the opinion. *See Primm v. Saul,* 789 F. App'x 539, 544 (7th Cir. 2019).

As both sides recognize, the agency no longer follows the treating physician rule. For claims filed after March 27, 2017, the agency doesn't defer to a treating physician's opinion or any opinion. Rather, the ALJ is required to consider the persuasiveness of each medical opinion—regardless of its source—focusing on supportability and consistency. 20 C.F.R. § 404.1520c.

Olson filed his claim after March 27, 2017, but he says that the old rule still applies because the agency didn't have the authority to repeal it. He cites *Carver v. Harris,* 634 F.2d 363, 364 (7th Cir. 1980), and *Allen v. Weinberger,* 552 F.2d 781, 786 (7th Cir. 1977), for the proposition that the court of appeals adopted the treating physician rule on its own before the agency codified the rule, so this court is still bound by cases such as *Carver* and *Allen,* which have not been overruled.

In his opposition brief, the commissioner says that Congress gave the agency authority to promulgate regulations to provide guidance on applying the standards for determining benefits, *see* 42 U.S.C. § 405(a), that the agency appropriately followed the notice and comment procedures when repealing the treating physician rule, and that the Social Security Act is silent on the standard for handling an opinion of a treating physician, so courts must defer to agency interpretations under the principles in *Chevron, U.S.A., Inc. v. Natural Resource*

*Defense Council, Inc.*, 467 U.S. 837 (1984). The commissioner also cites *National Cable &
Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967, 982 (2005), which
states: "A court's prior judicial construction of a statute trumps an agency construction
otherwise entitled to *Chevron* deference only if the prior court decision holds that its
construction follows from the unambiguous terms of the statute and thus leaves no room for
agency discretion." The rule from *Carver* and *Allen* isn't based on unambiguous statutory text,
the commissioner says, so the agency regulation is controlling.

　　The government's argument is persuasive, and Olson doesn't meaningfully respond to
it in his reply brief.  But even if the treating physician rule were controlling, it would make no
difference.  That rule doesn't require the ALJ to defer to the opinion of a treating physician.
Rather, it requires the ALJ to identify good reasons for discounting the opinion of a treating
physician. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011). Olson says that the ALJ didn't
provide any reasons, but that's simply inaccurate. As noted above, the ALJ provided two
reasons: (1) the opinions weren't supported or explained; and (2) they were inconsistent with
the medical evidence discussed in the previous section. R. 21. Olson hasn't rebutted either of
those reasons. The ALJ didn't consider all of the regulatory factors in § 404.1527(c)(2) because
she was applying the new standard in § 404.1520c, which required her to consider only
supportability and consistency. But Olson doesn't explain how any of the other factors in
§ 404.1527(c)(2) would support her disability claim, so she hasn't shown that the ALJ erred
by failing to credit the opinions.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED and the May 19, 2021, oral argument is CANCELED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered May 5, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

8